

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:15CR226 |
| Plaintiff, | JUDGE Sargus |
| v. | INDICTMENT |
| GARY JONES, | 18 U.S.C. § 2 |
| | 18 U.S.C. § 1341 |
| Defendant. | 18 U.S.C. § 1957 |
| | 26 U.S.C. § 7203 |
| | FORFEITURE |

THE GRAND JURY CHARGES:

### COUNTS 1–13
### (18 U.S.C. § 1341: Mail Fraud)

At all times relevant to this Indictment:

1. The defendant, **GARY JONES**, resided in Columbus, Ohio, within the Southern District of Ohio.

2. From in or about January 2010, through in or about March 2012, the defendant, **GARY JONES**, was the managing member of 3ARCK Capital, LLC, also d/b/a Three Arck Capital Group, LLC ("3Arck"), registered in Columbus, Ohio, within the Southern District of Ohio.

3. From in or about April 2010, through in or about March 2012, the defendant, **GARY JONES**, partnered with B.G. and B.G.'s investment company, North American Realty Services Corporation ("NARSCOR").

4. Defendant **GARY JONES** was the sole authorized signatory on several bank accounts for the benefit of 3Arck, which had a banking relationship with Fifth Third Bank, PNC

1

Bank, and J.P. Morgan Chase Bank.

## The Scheme to Defraud

5.   Beginning in or about May 2009, through in or September 2012, the defendant, **GARY JONES**, devised and intended to devise a scheme to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

6.   It was part of the scheme to defraud that the defendant, **GARY JONES**, by himself, through his position at 3Arck, and through his partnership with B.G. and NARSCOR, raised funds from one or more persons under false pretenses. Specifically, the defendant, **GARY JONES**, represented that through a process called "mortgage amelioration," he could eliminate or modify mortgages held by banks, based on theories that the mortgages were invalid or illegal. Using these same theories, the defendant, **GARY JONES**, also represented that the banks had no right to foreclose on the loans. Defendant **GARY JONES** represented that, after a long process, the banks would acknowledge that the mortgages and/or foreclosures were not legitimate.

7.   It was further part of the scheme to defraud that the defendant, **GARY JONES**, represented that he would present claims to the banks and courts on behalf of property owners. Defendant **GARY JONES** further represented that he could force banks to admit active mortgages were invalid, return properties that had already been repossessed through foreclosures, or that he could get restitution for property owners upon whom the foreclosures had occurred. Defendant **GARY JONES** represented that the property owners would then either have their mortgages completely eliminated or, at the very least, modified with lower payments and better term, and that those who had already lost their homes would be rewarded with monetary compensation or the return of bank-owned properties.

8.   As part of the scheme to defraud, the defendant, **GARY JONES**, by himself, through his position at 3Arck, and through his partnership with B.G. and NARSCOR, marketed

the following "mortgage amelioration" program:

    8.1. Property owners or investors could enter a property into the program by paying an application fee of typically $3,995–$7,995. The fee was represented to be 100% refundable by the defendant, **GARY JONES**, and B.G., whether the process was successful or unsuccessful, and was to be held in an escrow account.

    8.2. Defendant **GARY JONES** represented that the only expenditures out of the escrow account were to be for incidentals necessary for filings with the courts and for the creation of a trust. Even if expenditures were made from funds in the escrow account, the fee was to be returned in full to the investor at the end of the process.

    8.3. Once the trust was created, the defendant, **GARY JONES**, represented that he would "ameliorate" the mortgages on the properties through communications with the banks and courts, as previously described. After the mortgage had been "ameliorated," the property owner could either buy the property back from the trust or walk away from the property.

    8.4. This program required property owners or investors to complete and mail or e-mail application paperwork and other documentation. The process also required property owners and investors to wire money or mail checks to the defendant, **GARY JONES**, or B.G. and/or NARSCOR, in order to cover the application fees. Any checks that were mailed to B.G. or NARSCOR were forwarded by overnight mail by B.G. to the defendant, **GARY JONES**, in Columbus, within the Southern District of Ohio.

9.     It was further part of the scheme to defraud that the defendant, **GARY JONES**,

represented to victims that he had completed numerous "mortgage amelioration" deals and had a 100% success rate. Based on witness representations, however, no mortgages were ever successfully eliminated or reduced through the program. Despite representations that the refundable application fees would be kept in escrow accounts, the money was deposited into bank accounts controlled by the defendant, **GARY JONES**. Rather than use homeowners' and investors' funds to ameliorate mortgages, the defendant, **GARY JONES**, used these funds for personal use and for continuation of the scheme to defraud.

### The Mail Matters

10. On or about the dates set forth below, in the Southern District of Ohio and elsewhere, for the purpose of executing or attempting to execute the scheme to defraud described above, to obtain money and property by means of false and fraudulent pretenses, representations, and promises, the defendant, **GARY JONES**, knowingly caused to be delivered by mail, or a private or commercial interstate carrier, according to the directions thereon, the mail matter as described for each count as follows:

| COUNT | APPROXIMATE DATE | DESCRIPTION | ADDRESS |
| --- | --- | --- | --- |
| 1 | 10/07/2010 | Check #9434802749 in the amount of $7,995 from J.D. through B.G. | to Gary Jones, Managing Member 3ARCK Capital Group, LLC Columbus, Ohio 43224 |
| 2 | 11/29/2010 | Check #1602446147 in the amount of $7,995 from B.S.N./M.S. through B.G. | to Gary Jones, Managing Member 3ARCK Capital Group, LLC Columbus, Ohio 43224 |
| 3 | 01/18/2011 | Check #53841 in the amount of $7,995 from B.S.N./M.S. through B.G. | to Gary Jones, Managing Member 3ARCK Capital Group, LLC Columbus, Ohio 43224 |
| 4 | 01/27/2011 | Check #1175305149 in the amount of $7,995 from J.H. through B.G. | to Gary Jones, Managing Member 3ARCK Capital Group, LLC Columbus, Ohio 43224 |

| 5 | 02/11/2011 | Check #54475 in the amount of $7,995 from B.S.N./M.S. through B.G. | to Gary Jones, Managing Member 3ARCK Capital Group, LLC Columbus, Ohio 43224 |
| 6 | 03/07/2011 | Check #54725 in the amount of $7,995 from B.S.N./M.S. through B.G. | to Gary Jones, Managing Member 3ARCK Capital Group, LLC Columbus, Ohio 43224 |
| 7 | 03/15/2011 | Check #1089008983 in the amount of $7,995 from J.E. through B.G. | to Gary Jones, Managing Member 3ARCK Capital Group, LLC Columbus, Ohio 43224 |
| 8 | 04/18/2011 | Check #170102121 in the amount of $3,995 from B.S.N./M.S. through B.G. | to Gary Jones, Managing Member 3ARCK Capital Group, LLC Columbus, Ohio 43224 |
| 9 | 09/02/2011 | Check #1089708973 in the amount of $7,995 from J.E. through B.G. | to Gary Jones, Managing Member 3ARCK Capital Group, LLC Columbus, Ohio 43224 |
| 10 | 09/12/2011 | Check #3034186 in the amount of $7,995 from C.L. through B.G. | to Gary Jones, Managing Member 3ARCK Capital Group, LLC Columbus, Ohio 43224 |
| 11 | 10/21/2011 | Check #600624495 in the amount of $6,745 from A.M. through B.G. | to Gary Jones, Managing Member 3ARCK Capital Group, LLC Columbus, Ohio 43224 |
| 12 | 01/23/2012 | Check #9301765 in the amount of $7,995 from J.D. through B.G. | to Gary Jones, Managing Member 3ARCK Capital Group, LLC Columbus, Ohio 43224 |
| 13 | 02/13/2012 | Check #5942452 in the amount of $7,995 from E.T.C./C.L. through B.G. | to Gary Jones, Managing Member 3ARCK Capital Group, LLC Columbus, Ohio 43224 |

All in violation of Title 18, United States Code, Sections 1341 and 2.

### COUNTS 14–21
### (18 U.S.C. § 1957: Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

1.   Paragraphs 1 through 9 of Counts 1–13 of this Indictment are re-alleged and incorporated here.

2.   On or about the dates set forth below, in the Southern District of Ohio and elsewhere, the defendant, **GARY JONES**, did knowingly engage and attempt to engage in a

5

monetary transaction, by through or to a financial institution and affecting interstate commerce or foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, mail fraud, in violation of 18 U.S.C. § 1341, each transmission constituting a separate count as follows:

| COUNT | APPROXIMATE DATE | DESCRIPTION |
|---|---|---|
| 14 | 11/18/2010 | Deposit into Fifth Third Bank account number ending in 8517 in the name of 3Arck in the amount of $15,990, as part of a total deposit amount of $31,985. |
| 15 | 12/20/2010 | Deposit into Fifth Third Bank account number ending in 8517 in the name of 3Arck in the amount of $15,990, as part of a total deposit amount of $23,985. |
| 16 | 07/11/2011 | Deposit into Fifth Third Bank account number ending in 8517 in the name of 3Arck in the amount of $15,990, as part of a total deposit amount of $16,060. |
| 17 | 08/08/2011 | Deposit into PNC Bank account number ending in 7344 in the name of 3Arck in the amount of $15,990, as part of a total deposit amount of $31,980. |
| 18 | 09/30/2011 | Deposit into PNC Bank account number ending in 7344 in the name of 3Arck in the amount of $15,990. |
| 19 | 11/18/2011 | Deposit into PNC Bank account number ending in 7344 in the name of 3Arck in the amount of $15,990. |
| 20 | 11/25/2011 | Deposit into PNC Bank account number ending in 7344 in the name of 3Arck in the amount of $22,485. |
| 21 | 12/01/2011 | Deposit into PNC Bank account number ending in 7344 in the name of 3Arck in the amount of $15,990. |

All in violation of Title 18, United States Code, Sections 1957 and 2.

### COUNT 22
### (26 U.S.C. § 7203: Failure to File Income Tax Return)

During the calendar year 2009, the defendant, **GARY JONES**, whose principal place of business was in Columbus, Ohio, had and received gross income of $280,340. By reason of such gross income, he was required by law, following the close of the calendar year 2009, and on or

before April 15, 2010, to make an income tax return to the Internal Revenue Service Center, at Kansas City, Missouri, to a person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, he did willfully fail, on or about April 15, 2010, in the Southern District of Ohio and elsewhere, to make an income tax return.

In violation of Title 26, United States Code, Section 7203.

### COUNT 23
### (26 U.S.C. § 7203: Failure to File Income Tax Return)

During the calendar year 2010, the defendant, **GARY JONES**, whose principal place of business was in Columbus, Ohio, had and received gross income of $1,090,304.54. By reason of such gross income, he was required by law, following the close of the calendar year 2010, and on or before April 15, 2011, to make an income tax return to the Internal Revenue Service Center, at Kansas City, Missouri, to a person assigned to receive returns at the local office of the Internal Revenue Service at Kansas City, Missouri, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, he did willfully fail, on or about April 15, 2011, in the Southern District of Ohio and elsewhere, to make an income tax return.

In violation of Title 26, United States Code, Section 7203.

### COUNT 24
### (26 U.S.C. § 7203: Failure to File Income Tax Return)

During the calendar year 2011, the defendant, **GARY JONES**, whose principal place of

business was in Columbus, Ohio, had and received gross income of $880,791.12. By reason of such gross income, he was required by law, following the close of the calendar year 2011, and on or before April 15, 2012, to make an income tax return to the Internal Revenue Service Center, at either Cincinnati, Ohio or Fresno, California, to a person assigned to receive returns at the local office of the Internal Revenue Service at Cincinnati, Ohio or Fresno, California, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, he did willfully fail, on or about April 15, 2012, in the Southern District of Ohio and elsewhere, to make an income tax return.

In violation of Title 26, United States Code, Section 7203.

## COUNT 25
### (26 U.S.C. § 7203: Failure to File Income Tax Return)

During the calendar year 2012, the defendant, **GARY JONES**, whose principal place of business was in Columbus, Ohio, had and received gross income of $146,554.50. By reason of such gross income, he was required by law, following the close of the calendar year 2012, and on or before April 15, 2013, to make an income tax return to the Internal Revenue Service Center, at Cincinnati, Ohio or Fresno, California, to a person assigned to receive returns at the local office of the Internal Revenue Service at Cincinnati, Ohio or Fresno, California, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, he did willfully fail, on or about April 15, 2013, in the Southern District of Ohio and elsewhere, to make an income tax return.

In violation of Title 26, United States Code, Section 7203.

## FORFEITURE A

1.  The allegations contained in Counts 1–13 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.  Upon conviction of any of the offenses set forth in Counts 1–13 of this Indictment, the defendant, **GARY JONES**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including but not limited to, a sum of money equal to the amount of proceeds the defendant obtained as a result of the offenses.

3.  If any of the property described above, as a result of any act or omission of the defendant

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(2).

Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2.

## FORFEITURE B

1.  The allegations contained in Counts 14–21 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures to the United States

of America, pursuant to 18 U.S.C. § 982(a)(1).

2. Upon conviction of any of the offenses set forth in Counts 14–21 of this Indictment, the defendant, **GARY JONES**, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offenses or any property traceable to such property.

**Substitute Assets**

3. If any of the above-described forfeitable property in Forfeiture B, as a result of any act or omission of the defendant, **GARY JONES**

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), to seek the forfeiture of any other property of said defendant up to the value of the forfeitable property.

Forfeiture pursuant to 18 U.S.C. § 982(a)(1) and Federal Rule of Criminal Procedure 32.2.

A TRUE BILL.

/s Foreperson
FOREPERSON

CARTER M. STEWART
UNITED STATES ATTORNEY

BRENDA S. SHOEMAKER
Deputy Branch Chief
Assistant United States Attorney