IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GARY JONES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:18-CV-1730
CRIM. NO. 2:15-CR-226
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE KIMBERLY A. JOLSON

## OPINION AND ORDER

On February 10, 2020, the Magistrate Judge issued a Report and Recommendation recommending that the Motion to Vacate under 28 U.S.C. § 2255 be dismissed. (ECF No. 120.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 121.)

Petitioner pleaded guilty to charges of mail fraud, engaging in monetary transactions in property derived from specified unlawful activity, and failure to file an income tax return. He now asserts that he was denied the effective assistance of counsel during plea negotiations and at sentencing. The Magistrate Judge recommended dismissal of Petitioner's claims as without merit. Petitioner objects to the Magistrate Judge's recommendations. He again raises the same arguments he previously presented.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. Upon a careful review of the entire record, and for the reasons already well detailed in the Magistrate Judge's Report and Recommendation, Petitioner's arguments are not well-taken. The record does not reflect a basis for relief. Therefore, Petitioner's Objection (ECF No. 121) is

**OVERRULED**. The Report and Recommendation (ECF No. 120) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, ——U.S. ——. ——, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

**IT IS SO ORDERED.**

                            /s/    3-13-2020
                            EDMUND A. SARGUS, JR.
                            UNITED STATES DISTRICT JUDGE